IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEWIS JAY PORTER; family [Porter], | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 21-1298 (VAC) |
| | ) |
| BILL FRITZLEN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Lewis Jay Porter, Mount Enterprise, TX – *Pro Se* Petitioner

David C. Weiss, United States Attorney, and Dylan J. Steinberg, Assistant United States Attorney, Wilmington, Delaware.  Counsel for Respondent

August 31, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner Lewis Jay Porter ("Petitioner"), who appears *pro se*, filed this action as a petition for writ of mandamus. (D.I. 1). Currently pending is Respondent Bill Fritzlen's motion to dismiss, opposed by Petitioner. (D.I. 8). The matter is fully briefed. (D.I. 8, 9, 10).

## I.    BACKGROUND

The following facts are taken from the Petition and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Petitioner lives in Texas. (D.I. 1 at 1). This is action is brought against Bill Fritzlen, a Department of State officer in the Special Consular's Office in Washington, D.C. (*Id*. at 3). The Petition asserts jurisdiction by reason of U.S.C. Title 22-Foreign Relations and Intercourse. (*Id*.).

Petitioner "declares he is a citizen held hostage/imprisoned by a foreign government" by "*i.e.* the rogue Delaware Corporation, the State of Texas et al agents, Carrie Gilcrease et al agents" all of whom do not have a congressional mandate to do so. (*Id*. at 2-3). It goes on to allege that the State of Texas is operating against the laws of Delaware. (*Id. a*t 3). Petitioner asks this Court to exercise jurisdiction, issue a writ of mandamus, or in the alternative, procure and/or demand his immediate discharge and unconditional release. (*Id*. at 1, 4).

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (D.I. 8).

## II.   LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual

1

attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the petitioner's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the petitioner's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III. DISCUSSION

Respondent indicates that Petitioner appears to be serving a 20-year prison sentence in the State of Texas. (D.I. 8 n.2). Respondent observes that while styled as a petition for a writ of mandamus, Petitioner seems to seek a writ of habeas corpus to obtain release from incarceration. (*Id*. at 1). Respondent moves for dismissal for lack of subject matter jurisdiction on the grounds that the District of Delaware is not Petitioner's district of confinement; he did not identify any state court proceedings seeking habeas relief and this Court lacks jurisdiction due to Petitioner's failure to exhaust state court remedies; and he seeks relief from the wrong party.

Petitioner responds that he is not seeking relief from incarceration by reason of a writ of habeas corpus. (D.I. 9 at 3). Rather, he filed a writ of mandamus to enforce the performance of public duties by Respondent. (*Id*.). In addition, Petitioner states that the State of Texas filed a debt claim against him followed by default judgment and Respondent and his office have the only records that prove lawful jurisdiction on the official record. (*Id.* at 6, 7).

To the extent Petitioner seeks a petition for a writ of mandamus, the allegations fall short. Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

2

thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

The Petition fails to show that Respondent, a State Department employee, owes any duty to Petitioner. Nor does the Petition demonstrate the lack of any other adequate remedy. Indeed, to the extent Petitioner seeks release from custody he has other forms of relief available to him, such as seeking habeas relief.

To the extent Petitioner seeks relief in the form of release from custody from the State of Texas, there is no indication that Petitioner was convicted and/or sentenced in Delaware. A petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). "The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 443 (2004).  This Court does not have jurisdiction to grant the relief Petitioner seeks.

In addition, Respondent cannot provide Petitioner the relief he seeks.  The proper respondent in a habeas petition is "the person who has custody over the petitioner."  *Rumsfeld*, 542 U.S. at 434.  The Petition does not allege that Respondent is that person.  Rather, it alleges that he is an employee of the Department of State in Washington, D.C.

Respondent's motion to dismiss will be granted.  It is not plausible that Plaintiff may be able to articulate a claim against Respondent and, therefore, this Court finds amendment futile.

### IV.   CONCLUSION

For the above reasons, the Court will grant Respondent's motion to dismiss.  (D.I. 8).  Amendment is futile.

An appropriate order will be entered.